Kenneth JORDAN, Petitioner-Appellant,

v.

H. J. CARDWELL, Warden, Respondent-Appellee.

No. C 69–292.

United States District Court,
N. D. Ohio, E. D.

Dec. 8, 1971.

———◆———

Nelson G. Karl, Cleveland, Ohio, for petitioner-appellant.

Alan Gelbman, Cleveland, Ohio, for respondent-appellee.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This cause is before this Court upon a remand from the Sixth Circuit Court of Appeals which ordered that this Court hold an evidentiary hearing on this petition for a writ of habeas corpus. 428 F.2d 325, 328 (6th Cir. 1970). A hearing was held in due course. The facts in this case are thoroughly reviewed in the opinion of the Sixth Circuit. Petitioner raises several issues including the voluntariness of the confession he made to the authorities, which seems to be the most damaging piece of evidence introduced by the State at his trial.

The Court of Appeals stated that petitioner "has raised a serious and substantial challenge to the validity of his confession." 428 F.2d at 328. The circumstances surrounding Jordan's detention in jail prior to his giving of a confession are hopefully a thing of the past and have been condemned by the Supreme Court of the United States. If today an attempt were made to introduce a confession obtained under circumstances similar to those of the petitioner, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) would require that it fail. However, *Miranda* was held not to be retroactive in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); and Jordan's trial was conducted in 1955. Therefore, this Court must examine the "totality of the circumstances" to determine whether petitioner was denied due process. See Clewis v. Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967).

Petitioner was detained for eighteen days during which time he saw no one except his interrogators. He was regularly questioned and was the victim of physical and psychological coercion. On the eighteenth day, this young man, having just turned eighteen, confessed to the murder of Sylvia Tanner. The Supreme Court of the United States has reviewed cases with similar facts and have held confessions to be inadmissible when they were obtained after fewer than eighteen days, e. g., Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966) (sixteen days); Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962) (five days). Both these confessions, as well as the one in the case at bar, were ob-

tained by procedures marked by psychological and physical pressures and by total secrecy.

In Clewis v. Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967), a defendant was convicted of murder upon his written confession obtained after nine days of custodial interrogation. The court held the confession inadmissible because, *inter alia*, the defendant was not assisted by counsel and not informed of his right to be silent and also because the defendant was not taken before a magistrate within the time required by Texas law. The court concluded that the "totality of the circumstances" were such that the confession should have been excluded. Although this case was decided subsequent to *Miranda*, the trial occurred previous to that decision. The facts in that case were not as severe as those in the instant case. Jordan, then a juvenile, was held for twenty days before he was taken to the Juvenile Court of Trumbull County, Ohio, for arraignment for his alleged violation of Section 2151.25 of the Ohio Revised Code. On the totality of the circumstances in this case, it is clear that petitioner's confession should never have been admitted into evidence.

At Jordan's trial, his counsel objected to the admission of the confession. The jury was excused and the trial judge then considered the voluntariness of the confession. Subsequently, the jury was returned and they were given an instruction that they would have to consider the voluntariness of the confession and whether Jordan's freedom of choice was overborne in making his confession. This was not sufficient. The trial judge should have made a determination on the question of voluntariness. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963).

It is clear from the totality of the circumstances in the record that Kenneth Jordan did not voluntarily confess to the authorities, was not given a warning to remain silent, and was improperly detained.

Petitioner's confession should never have been admitted and if the State of Ohio insists upon retrying Jordan for the murder of Sylvia Tanner, his confession may not be used therein. The writ of habeas corpus shall issue.

It is so ordered.